**In the Matter of Mary Jane HUMPHREY.**

No. 82S00–9811–DI–723.

Supreme Court of Indiana.

March 10, 2000.

Forrest Bowman, Jr., Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, Indiana, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

After failing to perfect service of a complaint she filed on behalf of a client (an error which ultimately proved fatal to the cause of action), attorney Mary Jane Humphrey attempted improperly to resurrect the matter by refiling it on two occasions, all the while failing to advise her client of the reason for the case's demise or to provide her client with other meaningful information about the representation. For that, along with neglect of two other legal matters, we find today that Humphrey, the respondent in this case, should be suspended from the practice of law.

This matter comes before us on the respondent and the Disciplinary Commission's *Statement of Circumstances and Conditional Agreement for Discipline,* tendered in contemplated resolution of this case pursuant to Ind.Admission and Discipline Rule 23(11.1)(c). Our jurisdiction in this case is derived from the respondent's admission to the Bar of this State on October 10, 1980.

Under Count I of the verified complaint for disciplinary action giving rise to this action, the parties agree that a client retained respondent in July 1992 to pursue a sexual harassment claim against the client's employer. The respondent filed a claim against the employer in December 1993, which the employer countered with a motion to dismiss, asserting insufficient service of process of the claim. The respondent subsequently filed three separate motions requesting extensions of time to respond before filing a response to the motion to dismiss on August 2, 1994.

On January 30, 1995, after expiration of the statute of limitations, the court granted the defendant's motion to dismiss, finding that the respondent had failed to comply with Fed.R.Civ.P. 4(m), which generally requires a showing of proof of service within 120 days of filing a claim. The respondent subsequently refiled the same or a substantially similar complaint in the same court. After receiving a written demand from the employer to dismiss the second complaint, the respondent falsely informed the employer that the client had authorized dismissal of the complaint and filed the appropriate documents with the court, which resulted in the second case's dismissal on April 26, 1995.

Throughout the spring and summer of 1995, the client attempted to contact respondent about the status of her case. Her communications with the client about the status of her case at that time were of a general nature and such that the details of the case were either not clearly explained or were not understood by the client.[1] The respondent told her that the first case had been dismissed, but failed to inform the client of the underlying reason of her failure to perfect service.

In October 1995, the respondent again tried to revive her client's claim by filing a third suit, again essentially identical to the first two, in Vanderburgh Circuit Court. One crucial difference was that the third complaint added a count of fraud against the employer, in an apparent effort to revive the case beyond the original statute of limitations. Based on diversity considerations, the case was later removed to federal district court, where it was met with a motion to dismiss on the same grounds as asserted against the first two claims. Over the next two months, the respondent filed five motions for extension of time to respond to the motion to dismiss before finally responding on April 12, 1996. The court dismissed the third complaint on May 22, 1996.

1. The respondent claims that she provided her client with a copy of the dismissal order. The client contends that she never received that document. In any event, the respondent did not communicate a full understanding of the consequences of any dismissal to her client.

By failing to defend in a timely fashion the motion to dismiss the first complaint she filed on behalf of her client, the respondent violated Ind.Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness while representing a client.[2] By failing to keep her client informed about the status of her case and by failing to advise the client of dismissals of her claims, the respondent violated Prof. Cond.R. 1.4(a) [3] and (b), which require lawyers to keep their clients reasonably informed about pending legal matters.[4] The respondent violated Prof.Cond.R. 1.7(b) [5] by continuing to represent the client after the first complaint was dismissed for failure to perfect service: the respondent's failure to do so resulted in a loss of an avenue of legal redress for her client, yet the respondent failed to inform her client of the potential grounds for a legal malpractice claim and failed to advise the client to seek the advice of independent counsel. The respondent's continued representation of the client under those circumstances also violated Prof.Cond.R. 1.16(a)(1), which requires lawyers to terminate representation if the representation will result in a violation of the *Rules of Professional Conduct* or other law.[6] By filing the same or substantially similar complaints after the first complaint was dismissed, the respondent violated Prof. Cond.R. 3.1, which prohibits lawyers from initiating or defending frivolous proceedings or issues in proceedings.[7] Finally, the respondent violated Prof.Cond.R. 8.4(c) for falsely representing to the employer's counsel that she was authorized to dismiss the second lawsuit when that was untrue.[8]

Under Count II, the parties agree that after being appointed an estate's personal representative and entering an appearance as the attorney of record in February 1995, the respondent failed to file the statutorily-required inventory for the estate within two months of her appointment, as provided by law.[9] The respondent thereafter failed to pay the inheritance tax due on the estate, which made the estate ineligible for a 5% reduction in taxes due, and as of November 1998 had not filed a *Verified Account or Petition for Final Settlement* which kept the estate open on court's docket.

We find that by failing timely to file the required inventory, pay the taxes

2. Indiana Professional Conduct Rule 1.3 requires that a lawyer shall act with reasonable diligence and promptness in representing a client.

3. Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4. Professional Conduct Rule 1.4(b) requires a lawyer to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

5. Professional Conduct Rule 1.7(b) states that a lawyer "shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests."

6. Professional Conduct Rule 1.16(a) provides, in relevant part, that (subject to the exceptions in Prof.Cond.R. 1.16(c)) a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or other law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged.

7. Professional Conduct Rule 3.1 states that lawyers "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous..."

8. Professional Conduct Rule 8.4(c) makes it professional misconduct to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

9. I.C. 29–1–12–1.

due, and file a final accounting and request for settlement, the respondent violated Prof.Cond.R. 1.3.

As to Count III, the parties agree that in late 1992, the respondent was hired on a contingent fee basis to represent 27 students on a claim against a business college. Each client paid the respondent $10 for expenses. The respondent filed a complaint in March 1994. The school failed to file an appearance or to respond in any way to the complaint. Although the respondent could have sought a default judgment, the matter instead languished until July 1996, when the court ordered the respondent to show cause why the action should not be dismissed pursuant to Ind.Trial Rule 41(E) for want of prosecution. The respondent subsequently moved to continue the T.R. 41(E) hearing a total of nine times from July 1996 to July 1997. Finally, in September 1997, the respondent filed a motion for default judgment, and then moved the court to continue hearing on that motion the matter a total of nine times, from September 1997 to June 1998. In July 1998, after a hearing on the motion, the trial court entered a default judgment against the school, some four years after the complaint was filed. During one three year period that the case was pending, one of the students attempted repeatedly by telephone to contact the respondent to determine the status of the case. The respondent failed to return all but one of those calls and never informed the client that she had continued the case eighteen times.

By her actions in Count III, we find that the respondent violated Prof. Cond.R. 1.3 by failing to prosecute her client's case for nearly two years, and for failing to obtain a default judgment for approximately two years thereafter. Her failure to provide information about the status of the pending case in response to repeated phone calls from a client violated Prof.Cond.R. 1.4(a).

Having found misconduct, this Court must now determine the proper discipline. In so doing, we examine the surrounding circumstances, the respondent's state of mind, the duty violated, actual or potential injury to the client, the duty of this Court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. *Matter of Christoff and Holmes,* 690 N.E.2d 1135 (Ind.1997); *Matter of Gemmer,* 566 N.E.2d 528 (Ind.1991); *Matter of Kern,* 555 N.E.2d 479 (Ind.1990).

In mitigation, the parties have noted that the respondent has no previous disciplinary history and has expressed regret at her handling of these matters. They also point out that, during relevant times, the respondent was serving as an attorney for the Vanderburgh County Office of Family and Children and agree that her regular caseload of over 100 matters at any given time in that position was a contributing factor in her neglect of the cases subject to this proceeding.

The respondent's inattention to matters entrusted to her prolonged litigation and in two instances deprived her clients of particular benefits or legal redress. We do note that under Count III, the respondent did hold periodic meetings to communicate progress with her clients. Those clients whose addresses were known to the respondent were notified of such meetings, but all of the clients did not attend. However, her communication with clients was sorely lacking in other instances when one-on-one contact was necessary. Most troubling of all was her handling of the discrimination action under Count I because aspects of it indicate a distinct lack of candor with regard to her client, the opposing party, and, with the serial filing of essentially the same complaint, the courts.

The parties offer resolution of this matter by suspending the respondent from the practice of law for a period of 90 days. In light of the pattern of misconduct presented, we agree that a period of suspension is

warranted, and thus approve the parties' agreement.

It is, therefore, ordered that the respondent be suspended for a period of ninety (90) days, beginning April 14, 2000, at the conclusion of which the respondent shall be automatically reinstated to the bar of this State.

The clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.