**In the Matter of Mary J. HUMPHREY, Respondent.**

No. 82S00–0201–DI–67.

Supreme Court of Indiana.

Feb. 29, 2008.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear

evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Mr. and Mrs. T. retained Respondent because they had experienced problems with their new home, including the septic system, which had passed an inspection by a Posey County inspector. Respondent filed suit and obtained a favorable judgment against one of contractors who built the home. Years later, Mr. T. asked Respondent about suing the County or its inspector. Although initially reluctant, Respondent signed and mailed a tort claim notice to various County officials and later filed suit. The defendants filed a motion for summary judgment asserting untimeliness of the tort claim notice and governmental immunity. *See* Ind.Code §§ 34–13–3–8 and 34–13–3–3(12).

Taking the latest possible trigger date suggested by Respondent from which the time for filing a tort claim notice could have begun, Respondent's mailing of the notice was at least two days beyond the deadline, and the trial court granted the defendants summary judgment on that basis. The hearing officer concluded: (1) the trigger date for starting the period for filing a tort claim notice was much earlier than Respondent argued because her clients were aware of the allegedly faulty inspection years before; (2) even taking the trigger date argued by Respondent, the tort claim notice was untimely; and (3) Respondent had no good faith reason to believe the immunity defense or the untimeliness of the tort claim notice would not defeat her clients' claims against the County officials.

*Prior discipline.* Respondent's neglect of three cases, her failure to advise a client that one of the cases had been dismissed for failure to perfect service, and her two attempts to refile that case warranted agreed 90–day suspension with automatic reinstatement. *See In re Humphrey,* 725 N.E.2d 70 (Ind.2000).

**Violations:** The Court agrees with the hearing officer that Respondent had no good faith reason to believe the immunity defense or the untimeliness of the tort claim notice would not defeat her clients' claims against the County officials, at least after the defendants asserted those defenses in the case. The Court therefore finds that Respondent violated Indiana Professional Conduct Rule 3.1, which prohibits asserting a position for which there is no non-frivolous basis in law or fact.

The Court also notes Respondent's mailing of the notice was at least two days late even taking the latest possible trigger date suggested by Respondent. Indiana Professional Conduct Rule 1.3 prohibits failure to act with reasonable diligence and promptness.

**Discipline:** For the above professional misconduct, the Court imposes a public reprimand on Respondent. The costs of this proceeding are assessed against Respondent.

The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.